IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | ) ) ) | Case No. 1:19-cv-142 Erie |
| Plaintiff | ) ) | SUSAN PARADISE BAXTER UNITED STATES DISTRICT JUDGE |
| v. | ) ) | RICHARD A. LANZILLO |
| RICKY TEJADA, | ) ) | UNITED STATES MAGISTRATE JUDGE |
| Defendant | ) ) | REPORT AND RECOMMENDATION ON DEFENDANT'S NOTICE OF REMOVAL |

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that this matter be remanded to the Court of Common

Pleas of Erie County pursuant to 28 U.S.C. § 1455(b)(4).

II.      Report

This matter is before the Court upon a "Notice of Removal" filed by Defendant Ricky

Tejada pursuant to 28 U.S.C. § 1443.  Tejada is presently awaiting trial in the Court of Common

Pleas of Erie County at case number CP-25-CR-2407-2015.  In support of his request to remove

his criminal proceeding to federal court, Tejada alleges that "on account of [his] race" he is being

"deprived of his Sixth Amendment constitutional right to counsel and cannot enforce this right to

counsel" in state court.  ECF No. 1 at 1.  According to Tejada, the state court entered an order on

February 7, 2019, requiring him to proceed to trial without counsel "with no finding of fact

supported in [the] record that [he] either waived counsel or forfeited counsel."  *Id.*

1

A defendant seeking to remove a state criminal prosecution under § 1443(1) must show "both (1) that he is being deprived of rights guaranteed by a federal law 'providing for ... equal civil rights'; and (2) that he is 'denied or cannot enforce that right in the courts' of the state." *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997) (quoting *Georgia v. Rachel*, 384 U.S. 780, 788 (1966)). Under the first requirement, "removal must be based upon a law providing for specific civil rights stated in terms of racial equality, such as the Civil Rights Act of 1964." *Pennsylvania v. Carroll*, 764 Fed. Appx. 134, 135 (3d Cir. 2019) (citing *Davis*, 107 F.3d at 1047). Under the second requirement, "a denial or inability to enforce the right in state court must be manifest in a formal expression of state law." *Id*.[1] Where "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

In the instant case, remand is warranted for several reasons. First, Tejada's request for removal is clearly untimely. Pursuant to 28 U.S.C. § 1455(b)(1), a notice of a removal of a criminal proceeding "shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier . . .". *Id*. A review of the docket in the underlying criminal proceeding reveals that Tejada was arraigned on November 25, 2015.[2] *See Commonwealth v. Tejada*, CP-25-CR-2407-2015. Tejada filed the instant notice on May 10, 2019, over three years beyond the expiration of the 30-day window following his arraignment.

---

[1] In narrow circumstances, a firm prediction that a defendant would be denied his federal right in state court might be made even absent a discriminatory state law. *Carroll*, 764 Fed. Appx. at 135.

[2] Because the criminal docket is a matter of public record, the Court may take judicial notice of the docket sheet in the underlying case. *See, e.g., Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 722 (3d Cir. 2013); *United States v. Hoffert*, 2018 WL 4828628, at *1 (W.D. Pa. Oct. 4, 2018) ("[A] court may take judicial notice of relevant prior court orders, including orders in other cases.") (citing *Mina v. United States Dist. Court for E. Dist. of Penn.*, 710 Fed. Appx. 515, 517 n. 3 (3d Cir. 2017)).

*See* ECF No. 1.  Under such circumstances, and in the absence of good cause,[3] remand is appropriate.  28 U.S.C. § 1455(b)(1); *Rosenberg v. New Jersey*, 2019 WL 1002918, at *3 (D. N. J. Mar. 1, 2019).

Even if Tejada's notice of removal had been filed in a timely manner, he has failed to satisfy either of the statutory requirements for removal under 28 U.S.C. § 1443.  With respect to the first prong, Tejada must demonstrate that he was deprived of a right guaranteed by a federal law "providing for specific civil rights stated in terms of racial inequality."  *Rachel*, 384 U.S. at 792.  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of <u>general</u> applicability or under statutes not protecting against <u>racial</u> <u>discrimination</u>, will not suffice."  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (emphasis added).  Thus, even if Tejada could explain how the alleged deprivation of his Sixth Amendment right to counsel implicated his race – which he has made no attempt to do – the Sixth Amendment right to counsel is a right of general applicability, rather than a specific protection against racial discrimination.  *Id*.  Such allegations will not support removal.  *See, e.g.*, *Collazo v. Commonwealth of Pennsylvania*, 2016 WL 109836, at *3 (M.D. Pa. Jan. 11, 2016) (remanding defendant's § 1443 notice of removal because the Sixth Amendment violations alleged in his notice did not implicate his race); *Commonwealth v. Tindell*, 2009 WL 1856051, at *3-4 (E.D. Pa. June 26, 2009) (remanding because alleged denials of federal constitutional rights, including those provided by the Sixth Amendment, did not implicate racial inequality).

---

[3] The 30-day time limitation set forth in § 1455(b)(1) may be extended if a showing of good cause is made.  Here, Tejada objects to an order that the court of common pleas entered on February 7, 2019.  ECF No. 1 at 1.  Even if the Court were to determine that good cause existed to extend the deadline until the issuance of that order, Tejada's notice of removal, filed over 90 days later, would still be untimely.  *See, e.g.*, *Rosenberg v. New Jersey*, 2019 WL 1002918, at *3 (D.N.J. Mar. 1, 2019) ("If there was good cause for late filing of the Notice, it surely was apparent by [the time that the defendant learned of the alleged wrongdoing by the judge in the underlying action].  The Notice of Removal, however, was not filed until some 37 days later.").

As to the second prong, Tejada has made no allegation that "an appeal to the state appellate courts would be ineffective to vindicate [his] rights" if it turns out that they have actually been violated. *County of Allegheny v. Strader*, 2019 WL 1116380, at *3 (W.D. Pa. Feb. 4, 2019). In the absence of any such showing, remand is appropriate. *See*, *e.g.*, *Greenwood*, 384 U.S. at 826 (finding removal inappropriate because there were various state and federal remedies available to the defendants if the state courts failed to provide them with a fair trial); *Strader*, 2019 WL 1116380, at *3 (remanding criminal notice of removal because the defendant had failed to demonstrate that the alleged deprivation of his rights was based on his race or that an appeal to the state appellate courts could not vindicate those rights); *Rosenberg*, 2019 WL 1002918, at *4 ("There is no reason to believe . . . that any errors in the municipal court proceeding (assuming there is a conviction), could not be corrected by the usual process of appeal in the courts of the State.").

In short, Tejada has failed to demonstrate that he has been denied a specific, race-based federal right that cannot be enforced in the courts of the Commonwealth of Pennsylvania or that he acted in a timely fashion in attempting to remove his criminal proceedings to federal court. In light of these deficiencies, this matter should be summarily remanded to the Court of Common Pleas of Erie County for further proceedings.[4]

III.    Conclusion

For the foregoing reasons, it is respectfully recommended that Tejada's petition for removal [ECF No. 1] be denied and this matter remanded to the Court of Common Pleas of Erie

---

[4] Although certainly not dispositive, the Court also notes that Tejada's notice of removal is procedurally defective. 28 U.S.C. § 1455(b)(a) requires that a notice of removal "contain[] a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in [the underlying criminal] action." Tejada failed to provide any of these documents.

County pursuant to 28 U.S.C. § 1455(b)(4).  The Clerk should be directed to mark this case closed.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to file timely objections may constitute a waiver of appellate rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

/s/ Richard A. Lanzillo
RICHARD A. LANZILLO
United States Magistrate Judge

Dated:  June 7, 2019